No. 2794.—T. LILIENTHAL, President, etc., v. B. CAMPBELL and CITY OF JEFFERSON.

An ordinance of the corporation of Jefferson City levied a license tax of ten dollars on each cart used for the purpose of delivering bricks, lumber, etc., or hauling the same to or from their place of business, and provided for the enforcement of the same by penalties, recoverable before any court of competent jurisdiction. Under this ordinance the city seized certain carts belonging to the plaintiff, who was using them for hauling clay and sand from the batture across the street to the brick yard. Held—That, under the terms of this ordinance, the carts used for this purpose alone, were not liable to arrest under the penalties denounced therein.

A committing magistrate is not liable in damages for an error of judgment in deciding a cause, especially if the record discloses that he has jurisdiction of the subject matter of the controversy.

APPEAL from the Second Judicial District Court, parish of Jefferson. Pardee, J. W. L. Thompson and R. H. Browne, for plaintiff and appellant. G. G. Fisk and R. K. Cutler, for defendants and appellees.

HOWELL, J. This is a suit enjoining the municipal recorder and the city of Jefferson from seizing and detaining certain carts, mules, etc., belonging to and used by the New Orleans Manufacturing and Building Company in manufacturing bricks, and claiming one thousand dollars damages.

The defense is the general denial, and a special plea that the arrest of the said property was for the violation of a city ordinance, which it was the duty of the defendants to enforce, and which reads as follows:

"Section 43. Each and every cart, dray, or other vehicle, used for the purpose of delivering bricks, lumber, etc., or hauling the same to or from their place of business, free from charge of hauling, ten dollars per annum "

"Section 57. All persons violating each and every section of this ordinance, in which there is not a specific penalty attached, shall, on conviction, pay a fine equal to the amount of the license by said section violated, recoverable before any court of competent jurisdiction, one-half for the use of the city, the other half for the benefit of the informer."

The plaintiffs' brick yard is situated on one side of Tchoupitoulas street and their batture on the opposite side, and the carts seized were used only in hauling clay, sand and wood from the batture across the street to the yard for making and burning bricks. They were not used for hauling bricks. The question is, were they embraced in the ordinance? Clay, sand and wood are not *lumber*, and the characters, "etc.," following that word in the ordinance, can not, with any certainty, be held to have been intended by the councilmen to describe such articles. The terms "bricks" and "lumber," used by them have their technical meaning, and if it was intended that carts used exclusively in hauling clay, sand, wood, or other materials necessary in manufacturing bricks, it should have been so expressed. As the ordinance describes the uses of the carts for which license is to be paid, and the uses to which the carts in question were put are not mentioned, the said carts can not be held subject to said license (See 1 M. 125), and the attempt to enforce its collection was not authorized.

The question of damages presents a little more difficulty. It is not denied, however, that the recorder had jurisdiction of the subject matter, and the right to enforce the collection of the license on each cart, if it was subject to it; and the most that can be said is that he erred in his judgment of the purview of the ordinance. He thought he had the authority of law to make the plaintiffs pay a license on each of the carts, and he directed the license to be collected. Under the circumstances of this case, we are of opinion that the defendants are not responsible for damages, as claimed.

The judgment below should have been in favor of plaintiffs, perpetuating the injunction, and in favor of defendants, dismissing the demand of plaintiffs for damages.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of plaintiffs, perpetuating the injunction herein, and in favor of defendants, rejecting plaintiffs' demand for damages. Appellees to pay costs in both courts.

Rehearing refused.